IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID LEROY HILL, JR.                                                    PLAINTIFF

v.                                    Civil No. 6:21-cv-06101

JAIL ADMINISTRATOR SARAH HANEY, et al.                       DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff under 42 U.S.C. § 1983.  Plaintiff, David Leroy Hill, Jr., proceeds in this matter *pro se*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff filed the Complaint in this matter on June 24, 2021.  (ECF No. 1).  An Amended Complaint was filed on June 30, 2021.  (ECF No. 6).  Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) was granted on July 1, 2021.  (ECF No. 7).  In the Court's Order granting IFP, it states:  "Plaintiff is advised that he is required to immediately inform the Court of any change of address."  (ECF No. 7).  The Order further states:  "The case will be subject to dismissal if Plaintiff fails to inform the Court of an address change."  *Id*.

On August 30, 2021, mail addressed to the Plaintiff was returned to the Clerk marked "Return to Sender Refused Unable to Forward."  (ECF No. 19).  On September 22, 2021, the Court entered an Order directing Plaintiff to communicate with the Court regarding his current address by October 6, 2021.  (ECF No. 20).  On September 30, 2021, mail addressed to the Plaintiff was

1

again returned to the Court marked "Return to Sender Refused Unable to Forward." (ECF No. 21). No new address is available for the Plaintiff.

Currently pending is Defendants' Motion to Dismiss and Alternative Motion for Extension of Time. (ECF No. 22). In the Motion, Defendants note that Plaintiff has not communicated with the Court since July 23, 2021, and that Defendants have received returned mail addressed to the Plaintiff. (ECF No. 22).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is

recommended that Defendants' Motion to Dismiss (ECF No. 22) be **GRANTED** and that Plaintiff's Amended Complaint in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

IT IS SO ORDERED this 22nd day of October 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE